UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY JEROME THOMPSON,

    Plaintiff,

v.                                  Case No. 5:19-cv-212-MCR/MJF

BRANTLEY S. CLARK and ALEXIS SYKES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to pay the filing fee or move for leave to proceed *in forma pauperis*. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

**I.    Background**

On July 11, 2019, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and alleged violations of his Thirteenth and Fourteenth Amendment rights.

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

(Doc. 1). Plaintiff named two Defendants: Judge Brantley S. Clark and Assistant State Attorney Alexis Sykes. (Doc. 1 at 1-2). Plaintiff simultaneously filed a handwritten document entitled "Informa Pauperis Affidavit and Complaint." (Doc. 2).

On July 15, 2019, the undersigned construed Plaintiff's handwritten document as a motion for leave to proceed *in forma pauperis*, but denied the motion without prejudice because it was not on the "form available without charge from the Clerk or the District's website" and Plaintiff failed to attach his inmate trust account for the six months preceding the filing of the complaint. (Doc. 4 at 1-2) (citing N.D. Fla. Loc. R. 5.3).

The undersigned directed the clerk of the court to send Plaintiff a blank motion to proceed *in forma pauperis* and a blank copy of the requisite supporting documents. (*Id.* at 2). The undersigned directed Plaintiff either to file a proper motion for leave to proceed *in forma pauperis* or to pay $400.00 ($350.00 filing fee and $50.00 administrative fee). (*Id.*) The undersigned provided Plaintiff thirty days to comply. The undersigned also warned Plaintiff that failure to comply with the order likely would result in dismissal of this action. (*Id.*).

On July 29, 2019, the undersigned's order was returned "not deliverable as addressed[,] unable to forward." (Doc. 5). The clerk re-sent this order to Plaintiff's

address of record, and on August 13, 2019, the order was again returned as "not deliverable as addressed[,] unable to forward." (Doc. 6).

After the court-imposed deadline elapsed and Plaintiff failed to comply with the undersigned's order, the undersigned issued an order directing Plaintiff to explain why he failed to pay the $400.00 or properly seek leave to proceed *in forma pauperis*. (Doc. 7). The undersigned imposed a deadline of thirty days and again warned Plaintiff that his failure to comply likely would result in dismissal of this case. (Doc. 7). This order was returned as "not deliverable as addressed[,] unable to forward." (Doc. 8). As of the date of this report and recommendation, Plaintiff still has not paid the filing fee or responded to the undersigned's order.

## II.   Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint in light of Plaintiff's failure to: (1) pay the filing fee; and (2) comply with two court orders.

### A.   <u>Failure to Pay the Filing Fee</u>

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in federal court. *Id.* The

PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. But before a court may dismiss an action for failure to pay the filing fee, the court must first afford a plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered Plaintiff to pay the $400.00 fee or seek leave to proceed *in forma pauperis* on July 15, 2019. (Doc. 4). The undersigned warned

Plaintiff that the failure to comply would likely result in dismissal. (*Id.*). Since the undersigned's initial order, Plaintiff was ordered to pay the initial filing fee and/or show cause why Plaintiff failed to pay the initial filing fee. (Doc. 7). Each time, Plaintiff was warned that the failure to pay the fee or seek leave to proceed *in forma pauperis* likely would result in dismissal of this action. (Docs. 4, 7). Despite these warnings, Plaintiff has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*.² For this reason, the undersigned recommends that this case be dismissed without prejudice.

### B. **Failure to Comply with Court Orders**

Plaintiff's failure to comply with two court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff

---

² It is possible that Plaintiff has not received the undersigned's orders, but that would be due to Plaintiff's failure to update his mailing address with the clerk of the court.

Page 5 of 9

fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** Since August 2019, Plaintiff has failed to comply with this court's order to pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

    a.    the order issued on July 15, 2019; and

    b.    the order issued on August 19, 2019.

**(3) Plaintiff received notice that failure to act likely would result in**

**dismissal.** The undersigned warned Plaintiff two times that failure to comply with the respective orders likely would result in dismissal. (Docs. 4, 7). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Furthermore, he has not paid the filing fee, so he will not forfeit any money. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that filing fees are paid and that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to pay the filing fee or prosecute this action. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that Plaintiff's "failure to

receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address).The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition, the need to ensure that filing fees are paid, and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Upon filing a *pro se* complaint, the Plaintiff received a packet from the clerk of court informing Plaintiff that he was required to notify the clerk of court if Plaintiff's mailing address changed. It appears that Plaintiff failed to provide the clerk of the court with an updated mailing address insofar as three attempts to deliver the orders have been unsuccessful. Thus, Plaintiff's failure to comply with the respective orders was "'entirely' his own fault." Gilbert, 725 F. App'x at 792. Insofar as he is already incarcerated and presumably indigent, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and failure to comply with court orders.

2. The clerk of the court be directed to close the case file.

**SO ORDERED** this 7th day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.